**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV229-3-MU
3:01CR47-01-MU**

RICHARD T. MAY,                                )
                                               )
                              Petitioner,       )
            Vs.                                )                    **ORDER**
                                               )
UNITED STATED OF AMERICA,                      )
                                               )
                              Respondent.       )

   **THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence (Document No. 1), the Government's Answer and Motion to Dismiss Petitioner's

Motion to Vacate (Document No. 7), and Petitioner's Response to the Government's Motion to

Dismiss (Document No. 13).

## I. FACTUAL AND PROCEDURAL BACKGROUND

   Petitioner, Richard May, and two other individuals were indicted on March 15, 2001 for

conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 (Count One); wire fraud and aiding

and abetting wire fraud in violation on 18 U.S.C. §§ 2 and 1343 (Counts Two and Three); money

laundering in violation of 18 U.S.C. § 1956(a)(1) (Counts Four through Eleven); and conspiracy to

commit money laundering in violation of 18 U.S.C. §1956(h) (Count Twelve) .  On July 12, 2002,

a jury found Petitioner guilty of Counts One, Two, Three, Six, Seven, Eleven and Twelve.[1]  The jury

found Petitioner not guilty of Count Ten.  On November 13, 2002 the Honorable Charles H. Haden,

---

[1]At the close of the Government's case, the Court dismissed Counts Four, Five, Eight and
Nine.  The jury acquitted Petitioner on Count 10.

1

visiting judge, sentenced Petitioner to a total of 109 months imprisonment to be served as follows: Count One: 60 months; Counts Two and Three: 49 months, to run concurrently to each other and consecutively to Count One; Counts Six, Seven, Eleven and Twelve; 109 months on each count, to run concurrently to each other and to Counts One, Two and Three.

On December 9, 2002 Petitioner, represented by Noell P. Tin, filed a notice of appeal to the Fourth Circuit Court of Appeals. In an unpublished per curiam opinion decided on February 12, 2004, the Fourth Circuit affirmed the judgment of the district court. United States v. May, 87 Fed. Appx. 867, 869 (4th Cir. 2004).

On May 11, 2005, Petitioner, represented by M. Gordon Widenhouse, filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel at trial, at sentencing and on appeal.

## II. ANALYSIS

With respect to allegations of ineffective assistance of counsel a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In order to satisfy the performance prong, the Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065. Since a presumption exists that counsel is competent, a petitioner seeking post-conviction relief bears a heavy burden to overcome this

presumption. The presumption is not overcome by conclusory allegations. <u>Carpenter v. United States</u>, 720 F.2d 546, 548 (8th Cir. 1983).

The prejudice prong is satisfied by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694. The petitioner "bears the burden of proving <u>Strickland</u> prejudice." <u>Fields</u>, 956 F.2d at 1297, <u>citing</u> <u>Hutchins</u>, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." <u>Fields</u>, 956 F.2d at 1290, <u>citing</u> <u>Strickland</u>, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. <u>Sexton v. French</u>, 163 F.3d 874, 882 (4th Cir. 1998), <u>cert. denied</u>, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . <u>Strickland</u> if the 'result of the proceeding was fundamentally unfair or unreliable.'" <u>Id</u>., <u>quoting</u> <u>Lockhart v. Fretwell</u>, 506 U.S. 364 U.S. 364, 369 (1993).

"Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . And to evaluate the [challenged] conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 689. It should be noted that "effective representation is not synonymous with errorless representation," <u>Springer v. Collins</u>, 586 F.2d 329, 332 (4th Cir. 1978) and that "the Constitution entitles a criminal defendant to a fair trial, not a perfect one." <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 681 (1986).

### A. Petitioner's Trial Counsel Was Not Ineffective

Petitioner claims that his trial counsel was ineffective because his counsel failed to object to

the admission of testimony concerning his gambling, thus allowing the jury to convict him "based on matters irrelevant to the elements of the charged offenses" depriving him of a fair trial and resulting in the loss of "valuable issues for appeal." (Motion to Vacate at 4-5.)    Specifically, Petitioner contends that the Government introduced evidence that he traveled to other states and gambled a large amount of money.    Such irrelevant evidence, he argued, served no legitimate purpose in proving any elements of the charged offense and  tended to prejudice him in the eyes of the jury because "many people oppose gambling on moral and religious grounds." (Motion at 4.)

Petitioner cannot satisfy the <u>Strickland</u> test. Petitioner does not set forth any evidence that had his attorney objected to the testimony, the testimony would not have been admitted.  Indeed, in order for evidence to be relevant, evidence need only have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Evidence regarding Petitioner's gambling activities was directly relevant in that it furnished a context for the conspiracy to commit wire fraud and wire fraud.  Furthermore, it was part of the government theory of the case in that the government was attempting to prove that Petitioner used money from his truck brokerage companies to gamble and to pay for his gambling losses.  (Transcript at 196, 445).  Petitioner went so far as to pay his gambling debts with checks from his business accounts.  (<u>Id</u>. at 713.)  The evidence regarding gambling was relevant to the government's theory of the case and any objection based on relevance would have been baseless.  Indeed, relevant evidence is inherently prejudicial, however, relevant evidence is only excluded under Rule 403 when it is unfairly prejudicial.  The fact that some members of the jury may oppose gambling on religious and moral grounds does not amount to unfair prejudice to the Petitioner.  Furthermore, Petitioner's argument assumes that the jury members who

may oppose gambling on moral and religious grounds are not able to simply view the evidence for the purpose offered and not through their personal views or bias.

Petitioner's argument that had his attorney objected to the evidence regarding gambling, he would have been able to purse the issue on appeal is also not sufficient to satisfy the prejudice prong of <u>Strickland</u>. If this were the standard for ineffective assistance of counsel, any issue not objected to at trial would satisfy the standard. The Court has already concluded that failing to object to the relevant gambling evidence was not deficient. Therefore, the fact that the failure to object resulted in Petitioner's inability to raise the issue on appeal does not satisfy the prejudice prong of the <u>Strickland</u> test.

**B. Petitioner's Counsel at Sentencing Was Not Ineffective**

Petitioner alleges that his attorney was ineffective at sentencing in that he failed to object to the enhancements for the amount of loss and Petitioner's role in the offense. Counsel also failed to object to the Court's findings on the applicability of these enhancements by a preponderance of the evidence instead of submitting these issues to a jury for proof beyond a reasonable doubt in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>Blakely v. Washington</u>, 542 U.S. 296 (2004); <u>United States v. Booker</u>, 543 U.S. 220 (2005) and <u>United States v. Hughes</u>, 401 F.3d 540 (4th Cir. 2005). Additionally, Petitioner claims his attorney was ineffective for failing to move for a downward departure based on Petitioner's medical condition and his family circumstance.

First, <u>Blakely</u>, <u>Booker</u>, and <u>Hughes</u> are not applicable to the issue raised in that they were all decided long after Petitioner's sentencing hearing on November 13, 2002. Therefore, Petitioner's counsel could not have been ineffective for failing to raise issues related to these cases prior to the cases having been decided.

Next, the obvious problem with Petitioner's argument is that at the time he was sentenced in November 2002, _Apprendi_ was not understood to mean what it is now understood to mean. That is, in _Apprendi_, the Supreme Court held that any fact, other than the fact of a defendant's prior convictions, which increases the statutory maximum term must be charged in the indictment and submitted to the jury for proof beyond a reasonable doubt. However, at the time Petitioner was sentenced, the term "statutory maximum" was understood to mean the maximum term provided under the statute of conviction. See _United States v. Lewis_, 235 F.3d 215, 218-19 (4th Cir. 2000) (upholding the imposition of uncharged sentence enhancements which did not increase the sentence beyond that provided for by the statute of conviction); _United States v. Kinter_, 235 F.3d 192, 198-202 (4th Cir. 2000) (same), _cert. denied_, 532 U.S. 937 (2001) .

Consistent with that understanding, at the time Petitioner was sentenced, the statutory maximum sentence for Count One (18 U.S.C. § 371) was five years and Petitioner received 60 months; the statutory maximum for Counts Two and Three (18 U.S.C. §§ 2 and 1343) was five years for each count and Petitioner received 49 months as to each Count; the statutory maximum for Counts Six, Seven, Eleven and Twelve (18 U.S.C. §§ 1956(a)(1) and 1956(h)) was twenty years for each count and Petitioner received 109 months on each count. Therefore the Court did not impose a sentence which exceeded the statutory maximum for any offense for which Petitioner was convicted. Suffice it to say, therefore, Petitioner cannot establish either deficient performance or prejudice in connection with this claim, therefore, the claim is denied.

Furthermore, at the time Petitioner was sentenced in November 2002, the U.S. Supreme Court had not ruled that _Apprendi_ was even applicable in federal sentencing proceedings. See _United States v. Hammoud_, 381 F.3d 316 (4th Cir. 2004) (holding that _Apprendi_ and its progeny did

<u>not</u> apply to the U.S. Sentencing Guidelines). To be sure, it was not until well <u>after</u> Petitioner was sentenced when the Supreme Court decided <u>United States v. Booker/Fanfan</u>, 543 U.S. 22 (2005) holding, in part, that the rule from <u>Apprendi</u> is applicable to federal sentencing proceedings. Thus, on November 2002, Petitioner's attorney had no basis upon which to object to the subject increases since the law in this Circuit then dictated that a sentence which included sentencing enhancements, but did not exceed the statutory maximum term, simply did not violate <u>Apprendi</u>. <u>See</u> <u>United States v. Roberts</u>, 262 F.3d 286, 291 (4th Cir. 2001) (concurrent 30-year sentences based upon uncharged enhancements not in violation of <u>Apprendi</u>, where defendant faced a 30-year statutory maximum doe to prior conviction); <u>United States v. Angle</u>, 254 F.3d 514, 518 (4th Cir.) (<u>en banc</u>) (sentence up to 20-year statutory maximum based upon sentencing factors not implicated by <u>Apprendi</u>), <u>cert. denied</u>, 534 U.S. 937; <u>and</u> <u>United States v. Kinter</u>, 235 F.2d 192, 201 (4th Cir. 2000) (factual determinations which increase sentence under Guidelines not affected by <u>Apprendi</u>, so long as sentence does not exceed statutory maximum for offense of conviction).

Finally, Petitioner alleges that his attorney was ineffective at sentencing by making "no effort to portray [him] as a unique individual" and for failing to move for a downward departure based on his medical condition and family circumstances (Motion at 9.) Petitioner neither describes his medical condition and family circumstances not offers evidence for which either a medical condition or family situation would warrant a downward departure. Therefore, Petitioner has not meet his burden and has not established either prong of the <u>Strickland</u> test for ineffective assistance of counsel and his claim is denied.

## C. Petitioner's Appellate Counsel Was Not Ineffective

Petitioner contends that his appellate counsel was ineffective because he failed to raise trial

counsel's failure to object to sentencing enhancements in violation of <u>Apprendi</u> and failed to anticipate the Supreme Court's ruling in <u>Blakely</u> and <u>Booker</u>.  Defendant was sentenced on November 13, 2002 and his appeal was not decided until February 22, 2004.  On October 20, 2003, while his appeal was pending, the Supreme Court granted certiorari in <u>Blakely v. Washington</u>, 542 U.S. 296 (2003).  Petitioner, through counsel, contends that his appellate counsel was ineffective because he should have moved to have his appeal placed in abeyance pending the disposition of <u>Blakely</u>.  If the Fourth Circuit had been unwilling to do so, counsel could have sought review of this issue in the Supreme Court through a writ of certiorari.  Counsel further assumes that Petitioner's case would have been remanded in light of <u>Blakely</u> and that it would have only been several more months before certiorari was granted in <u>Booker v. United States</u> on August 2, 2004.  This argument is more than just speculative, it is simply a house of cards that cannot withstand analysis.

First, as stated above, the enhancements applied to Petitioner's offense level did not violate <u>Apprendi</u>.  Therefore, appellate counsel's raising this claim on appeal would have constituted a frivolous claim.

Next, with respect to <u>Blakely</u> and <u>Booker</u>,  Petitioner's argument is that counsel should have moved either in the Fourth Circuit or by writ of certiorari in the Supreme Court to have his case held in abeyance pending the disposition of <u>Blakely</u>.  Petitioner then forecasts that his case would have been remanded by the Supreme Court to the Fourth Circuit in light of the decision in <u>Blakely</u> and that it would only be a short while before <u>Booker</u> was decided.  His appeal would then be placed in abeyance pending <u>Booker</u> or he could have sought certiorari based on <u>Booker</u>.  In the end, he contends, he would have received a new sentencing hearing in light of these cases.  Petitioner has the benefit of looking back with hindsight with the knowledge of how pivotal cases were resolved.

However, as stated above "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . And to evaluate the [challenged] conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.

Petitioner's argument is essentially that his counsel should have anticipated changes in the law that may affect his case. While many lawyers were hopeful that Blakely and Booker could possibly change the state of the law, there is simply "no general duty on the part of defense counsel to anticipate changes in the law." Furthermore, while Petitioner contends that his counsel should have moved to have his appeal held in abeyance pending the outcome of the Blakely decision, Blakely invalidated Washington States' sentencing guideline scheme and was not applicable to the federal sentencing guidelines. Blakely, 542 U.S. 296, 305 n.9 (2005) In fact, the cases interpreting the Blakely decision in this circuit specifically held that Apprendi and its progeny (including Blakely) did not apply to the U.S. Sentencing Guidelines. See United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004). Indeed, it was not until Booker was decided in 2005 that the Court held that the rule announced in Blakely is applicable to the Sentencing Guidelines. United States v. Booker/Fanfan, 543 U.S. 22 (2005). Petitioner assumes that if his counsel had moved to hold his appeal in abeyance pending Blakely, his appeal would have still been pending at the time Booker was decided. This is simply too far a stretch and purely speculative.

The fact of the matter is that the state of the law at the time Petitioner was sentenced and at the time he filed his appeal did not support an Apprendi argument because the enhancements, found by the judge and not a jury, that affected his sentence did not result in his receiving a higher sentence than the statutory maximum for any count of conviction. Moreover, simply because the Court granted certiorari in Blakely while his appeal was pending did not impose a duty, such that failure

9

to do so would be construed as ineffective, to move to have Petitioner's case held in abeyance. Indeed, <u>Blakely</u> would not have impacted Petitioner's sentence because the case did not involve the federal sentencing guidelines. Indeed, it was not until <u>Booker</u> was decided in 2005 that <u>Blakely</u> was held to be applicable to the Sentencing Guidelines.

Petitioner submitted an affidavit from Staples Hughes,[2] the Appellate Defender for the State of North Carolina, in which Mr. Hughes stated that "failure to raise [an <u>Apprendi</u> argument on appeal], which would have resulted in a new sentencing hearing for the [Petitioner], constituted ineffective assistance of counsel." Mr. Hughes further stated that appellate counsel "should have been aware of <u>Blakely</u> and understood its potential for a significant development the <u>Apprendi</u> analysis. [Further] [l]awyers in [his] office and in the criminal defense community were aware of the grant of certiorari in <u>Blakely</u> and believed it could have a significant impact of sentencing in the state and federal courts where facts were found by a judge rather than a jury and were based on proof by a preponderance of the evidence rather than beyond a reasonable doubt." (Hughes Affidavit.)

Petitioner also submitted an affidavit from his appellate counsel, Noelle Tin, stating the law at the time did not support an <u>Apprendi</u> claim and that <u>Booker</u> had not yet been decided. Mr. Tin further stated that "[i]f the Court finds that the issue could have been preserved in time for Richard to receive the benefit of <u>Booker</u> and <u>Fanfan</u> then [he] agrees that it should have been included . . . . Failure to include the claim, if that were the case, was not a strategic decision. It was, rather, a misunderstanding of law, which [he does] not consider to be a strategic decision." (Tin Affidavit.)

The Court has considered both affidavits and finds that counsel's failure to raise an <u>Apprendi</u>

---

[2] Mr. Hughes has not been qualified as an expert and since he is not otherwise associated with this case, his opinion is irrelevant.

claim and to move to have Petitioner's case held in abeyance pending the Supreme Court's decision in <u>Blakely</u> was not ineffective given the state of the law at that time.

### III. <u>CONCLUSION</u>

Petitioner's claims of ineffective assistance of trial counsel, sentencing counsel and appellate counsel are without merit for the reasons stated in this Order.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) is **DENIED and DISMISSED.**

**SO ORDERED**.

Signed: September 13, 2007

Graham C. Mullen
United States District Judge